UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RONNIE E. PRUDE                                   CIVIL ACTION NO. 11-cv-1266

VERSUS                                            JUDGE FOOTE

U.S. COMMISSIONER, SOCIAL                         MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

Ronnie E. Prude ("Plaintiff") filed this civil action to appeal the Commissioner's denial of his application for disability benefits. Plaintiff, represented by attorney Ronald D. Honig, persuaded the court to reverse the agency decision and remand the case for further proceedings. On remand, Plaintiff prevailed and obtained an award of past due benefits of more than $96,000, plus more than $1,850 per month in continuing benefits.

Honig and Plaintiff have a contingency fee agreement that Honig will be paid 25% of any past due benefits. The agency withheld the 25% ($24,028.50) for possible payment of attorney fees. Honig may apply to the agency, pursuant to 42 U.S.C. § 406(a), for a fee for his efforts before it, and he represents that he will do so. He may also apply to the court, pursuant to Section 406(b), for an award for his work before the court. The Fifth Circuit interprets Section 406 to preclude the combination of agency fees under Section 406(a) and court fees under Section 406(b) from exceeding 25% of the past-due benefits. Rice v. Astrue, 609 F.3d 831, 835 (5th Cir. 2010); Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970).

Before the court is Honig's Motion for Attorney Fees Under Section 406(b) (Doc. 34) in which he asks for an award of $14,062.50 for his work before the court. The contingency fee agreement may provide the award sought pursuant to 42 U.S.C. § 406(b) so long as the fee is reasonable under the facts of the case. Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002); Jeter v. Astrue, 622 F.3d 371 (5th Cir.2010). The Commissioner, who has no direct role in such matters but acts similar to a trustee, filed a response and stated that she does not object to the award as it is within allowable limits.

Honig's time records indicate 15 hours of time spent on efforts before the court, which results in an effective hourly rate of approximately $937.50 per hour for the court-related time. Gisbrecht explicitly rejected the application of the lodestar method to calculate fees under Section 406(b). It did allow that if the benefits resulting from a contingency fee were large in comparison to the amount of time counsel spent on the case, a downward adjustment could be in order to disallow a "windfall" for the lawyer. This led to some confusion about the role the lodestar calculation should play in setting a reasonable contingency fee. The Fifth Circuit looked at the issue in Jeter v. Astrue, 622 F.3d 371 (5th Cir. 2010) and held that "courts may consider the lodestar in their analysis so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." 622 F.3d at 380. The Court said this meant the windfall assessment could consider an effective hourly rate "but only so long as this mathematical calculation is accompanied by a consideration of whether an attorney's success is attributable to his own

work or instead to some unearned advantage for which it would not be reasonable to compensate him." Id.  The Court explained that the Gisbrecht "windfall" does not preclude attorneys from recovering what may seem like a high fee award if the attorney's success on appeal is of his own making. If "success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." Id. at 381.

Honig's effective hourly rate may at first seem high, but in light of the applicable law and the considerations discussed in Stoneking v. Commissioner, 2011 WL 3328538 (W.D. La. 2011), such as the few attorneys in the area who will handle a disability appeal and the lack of compensation in the many unsuccessful cases, the undersigned finds that the requested fee is reasonable and not attributable to anything other than the attorney's own work.  Plaintiff likely would have received nothing had Honig not taken over this case after Plaintiff's original attorney withdrew due to health problems.  Instead, Honig enrolled and filed a brief that raised an issue that directly lead to Plaintiff receiving almost $100,000 in past due benefits, plus continuing monthly payments.  The requested fee award should be approved.  Honig represents that the previously ordered EAJA award of $2,250 will, upon receipt of the Section 406 fee award, be forwarded to Plaintiff as required by the statute under these circumstances.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Attorney Fees Under Section 406(b) (Doc. 34) be granted and that the court approve a fee award under 42 U.S.C. § 406(b) in the

amount of $14,062.50 for the work of attorney Ronald D. Honig before the court in this case, with the amount to be paid from the past due benefits held by the Commissioner for such purposes. It is further recommended that Honig be ordered to, upon receipt of the Section 406(b) fee, return to Plaintiff the $2,250 EAJA fee that the court awarded earlier in the case.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of December, 2013.

Mark L. Hornsby
U.S. Magistrate Judge